Campbell, Ghief Justice,
delivered the opinion of the
court:
The plaintiff was an assistant surgeon on duty at the Naval Training Station at Norfolk, Va., with the rank of lieutenant, junior grade, when, on August 20, 1915, an order was issued by the Acting Secretary of the Navy, detaching him from duty at the training station and ordering him to proceed without delay to Annapolis “ and report to the commanding officer of the Marine Barracks for duty with the Artillery Battalion, Marine Brigade.” In obedience to this order, upon its receipt on August 21, the plaintiff proceeded without delay to Annapolis, where he arrived on the morning of August 22. He reported at once to the commanding officer mentioned in the order for duty and filed an application for quarters. This application was indorsed to the effect that there were no quarters available.
On the same day, August 22, the commanding officer of the Artillery Battalion received an order detailing the battalion for foreign-shore service, and directing him to embark the battalion upon the arrival of the Tennessee at the Naval Academy. This order was marked confidential, and directed that “ upon arrival at the destination to be designated by the Navy Department ” the commanding officer would report to *93 the senior officer present. This order was issued by. the major general commandant of the Marine Corps. On August 23 the battalion, including the plaintiff, embarked on the U. S. S. Tevmessee and sailed for Port au Prince, Haiti, where they were disembarked on September 1, 1915.
The plaintiff seeks commutation of quarters from the time of his application for quarters when he reported for duty at Annapolis until June 24,1916, when he was detached from duty in Haiti and ordered to the U. S. S. Solace for treatment. The question is whether the plaintiff acquired such a permanent station at Annapolis as would entitle him to the commutation of quarters provided for by the statute and regulations.
The act of February 27,1893, 27 Stat. 480, provides “ that hereafter officers temporarily absent on duty in the field shall not lose their right to quarters or commutation thereof at their permanent station while so temporarily absent.” At the time of the order to plaintiff, the pay of members of the Marine Corps was regulated by the statutes applicable to corresponding rank of Army officers. The proviso to section 9 of the act of June 17, 1878, 20 Stat. 151, as amended by the act of March 2,1907, 34 Stat. 1168,1169, provides that at places where there are no public quarters, commutation thereof may be paid by the pay department to the officer entitled to the same at a rate not exceeding $12 per month per room. See also the Navy Personnel Act' of March 3, 1899, 30 Stat. 1004, 1007, and the act of May 13, 1908, 35 Stat. 127.
Both the Army and Navy Regulations provide that an officer does not lose his right to quarters or commutation of quarters at his permanent station by temporary absence on duty. Paragraphs 1027,1299, and 1302 of the Army Regulations for 1913, and 4511, 4512, Navy Regulations for 1913.
It will be noticed also that the Army Regulations require that an officer reporting for duty at a post will immediately upon his arrival maké written application for quarters. This was done by the plaintiff, and he was notified that no quarters were available. He had reported for duty in obedience to his orders, he had asked for quarters and had been notified that they were not available. It seems to us that *94 he had done all that he was required to do, or could do to establish his status. Annapolis was the permanent station of the Marine Brigade. The circumstance that in a very-short time after the plaintiff reported for duty with the battalion he was ordered aboard ship with it could not affect the status of the officer, so far as his right to commutation of quarters is concerned. This view receives some confirmation from the fact that three days after the plaintiff had sailed with the battalion on the U S. S. Tennessee, an order was issued to him,-dated August 26, directing that when the Artillery Battalion embarks at Annapolis, he would regard himself detached from duty with the battalion and report to the commanding officer of the Tennessee for duty on board that vessel and for additional duty with the battalion. This order did not reach the plaintiff for some weeks, and was finally canceled because he had already embarked with the battalion, as has been stated, but the order itself would indicate that the officials in the Navy Department considered plaintiff’s assignment to duty at Annapolis and his reporting there as having given him station there. But aside from-this view, we think that the plaintiff acquired a right to a commutation of quarters, and the same having been disallowed him, that he is entitled to recover. He will therefore be awarded judgment for $363.60, the amount shown by the findings to be due him. And it is so ordered.
Graham, Judge; Hat, Judge; Downey, Judge; and Booth, Judge, concur.